```
11/17/2017                    Cabell County Circuit Clerk's Office                         Page:    1
12:10:58                      Docket Entries for case CK-6-2017-C-246
                          Style: Thomas Waugh, Kimberly Waugh
                                             v.
                              Elan Financial Service and/or Cardmember
                          Judge: Judge Alfred E. Ferguson

Seq    Date       Description

 1  04/13/2017  Other: CIS, Complaint, 30day smmns to all defs SOS, ret'd to atty for srvc
 2  10/30/2017  Other: SERVED ROS by SOS obo def Elan Financial Service srvd 10/16/17
```



EXHIBIT A

OCT 2 5 2017

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

OCT 2 4 2017



**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
886-767-8683
Visit us online:
www.wvsos.com



USPS CERTIFIED MAIL™

9214 8901 1251 3410 0002 1735 07

ELAN FINANCIAL SERVICE
225 WEST STATION SQUARE
SUITE 620
PITTSBURGH, PA 15219

Control Number: 204368
Defendant: ELAN FINANCIAL SERVICE
225 WEST STATION SQUARE
SUITE 620
PITTSBURGH, PA 15219 US

County: Cabell
Civil Action: 17-C-246
Certified Number: 92148901125134100002173507
Service Date: 10/16/2017

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

## SUMMONS
## IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

THOMAS WAUGH and
KIMBERLY WAUGH,

    PLAINTIFFS,

V.             CIVIL ACTION NO. 17-C-246

ELAN FINANCIAL SERVICE and/or
CARDMEMEBER SERVICES,      FRED E. FERGUSON

    DEFENDANTS.

**IN THE NAME OF THE STATE OF WEST VIRGINIA:**
You are hereby summoned and required to serve upon

    **Matthew Stapleton, Esquire**
    **of the Law Firm of**
    **STAPLETON LAW OFFICES**
    **Attorneys and Counselors at Law**

   Plaintiff's attorney, whose address is:

    **400 Fifth Avenue**
    **Huntington, WV 25701**
    **(304) 529-1130**

an answer, including any related counterclaim or defense you may have, to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within 30 days, after service of this summons upon you, exclusive of the day of service. If you fail to do so, thereafter, judgement, upon proper hearing and trial, may be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim, cross complaint or defense you may have, which must be asserted in the above styled action.

Date: [illegible] 13th 2017

JEFFREY E. HOOD
Clerk of the Court

By [signature]
Deputy

IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

THOMAS WAUGH and
KIMBERLY WAUGH,

PLAINTIFFS,

V.                                          CIVIL ACTION NO. 17-C-246

ELAN FINANCIAL SERVICE and/or
CARDMEMEBER SERVICES,
                                            /s/ ALFRED E. FERGUSON
DEFENDANTS.

## COMPLAINT

COMES NOW the Plaintiffs, Thomas and Kimberly Waugh, by and through counsel, Matthew P. Stapleton and Stapleton Law Offices, and hereby state the following for their Complaint:

## PARTIES

1. The Plaintiffs are residents of Cabell County, West Virginia.

2. The Plaintiffs are persons protected by the West Virginia Consumer Credit and Protection Act (the WVCCPA) and, thus, are entitled to its remedies.

3. The Defendants, Elan Financial Services and Cardmember Services, are corporations conducting business in West Virginia.

## FACTS

4. Elan Financial Services and Cardmember Services, are debt collectors as defined by West Virginia Code Sec. 46A-2-122(d) engaging the debt collection as defined by West Virginia Code Sec. 46A-2-122(c), and are otherwise subject to the WVCCPA.

5. Once the Plaintiffs fell into arrears upon an alleged indebtedness owed by

Plaintiffs to the Defendants, the Defendants began to attempt to collect from the Plaintiffs by placing telephone calls and sending letters to the Plaintiffs, and did in fact communicate with the Plaintiffs to collect the debt.

6. In addition to written communication, the Plaintiffs began receiving telephone calls from the defendants on a regular basis and often times would receive multiple phone calls in a single day.

7. As a result of the high volume of collection activities by Defendants Plaintiffs retained legal counsel on or around March 25, 2013, to represent their interest in relation to this alleged debt.

8. During a telephone call initiated by Defendant, which call occurred on or around April 16, 2013, following the retention of counsel relating to the debt with the Defendants, the Plaintiffs informed the Defendants they were represented by an attorney and to not contact them anymore and gave the Defendants' representatives the attorney's name and contact information for the attorney.

9. Following this notification of representation, the Defendants continued to attempt to collect on the alleged debt by placing telephone calls to the Plaintiffs, placing calls to telephone numbers associated with the Plaintiffs, written communication, and other forms of communication. These contacts were on an regular basis and often multiple times a day. On multiple occasions the Plaintiffs would receive up to six (6) phone calls in a single day from the Defendants.

10. The repeated nature of Defendants' collection attempts caused the Plaintiffs to endure stress and anxiety on a daily basis. Additionally, the Plaintiffs not only endured the annoyance, worry, and aggravation at the time of the collection

attempts, but also at many other times as it was constantly fresh on their minds due to the high volume of collection attempts.

## COUNT I

## VIOLATING THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT

11. Plaintiffs incorporate the previous paragraphs as if fully set forth here.

12. The Defendants have repeatedly violated the West Virginia Consumer Credit and Protection Act including, but not limited to,

   a. using unfair or unconscionable means to collect a debt from the Plaintiffs in direct violation of West Virginia Code Sec 46A-2-128(e) by communicating with the Plaintiffs after the Defendants knew the Plaintiffs were represented by an attorney and the attorney's name, telephone number, and location were known by the Defendant;

   b. engaging in unreasonable, oppressive, or abusive conduct toward the Plaintiffs by placing an enormous amount of telephone calls to the Plaintiffs in an attempt to collect a debt in violation of West Virginia Code Sec. 46A-2-125;

   c. causing the Plaintiffs phone to ring or engaging persons, including the Plaintiffs, in telephone conversations repeatedly or continuously, with the intent to annoy, abuse, or oppress the Plaintiffs in violation of West Virginia Code Sec. 46A-2-125(d).

13. As a direct result of the Defendants' actions and conduct, the Plaintiffs have been

annoyed, inconvenienced, harassed, bothered, upset, threatened, and were otherwise caused indignation and distress.

## COUNT II

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

14. Plaintiffs incorporate the previous paragraphs as if fully set forth here.

15. Defendants' conduct was so egregious and extreme that it exceeded the bounds of decency including, but not limited to:

    a. Defendants placed a high volume of calls to the Plaintiffs' home directly in violation of the WVCCPA;

    b. Defendants continued to contact the Plaintiffs while knowing they were represented by an attorney, directly in violation of the WVCCPA;

    c. Defendants caused the Plaintiffs to endure consistent stress, aggravation, and annoyance due to the pattern of calls by Defendants;

    d. The Defendants have intentionally adopted policies and procedures without regard to West Virginia law and that violate West Virginia law;

    d. Defendants have intentionally adopted policies and procedures which have the effect of inflicting emotional distress upon consumers to coerce them to pay money to the Defendants;

16. As a direct result of Defendants' conduct, the Plaintiffs have suffered significant emotional distress.

17. As a direct result of the Defendants' action and conduct, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, threatened, and were otherwise caused indignation and distress.

## COUNT III

## COMMON LAW INVASION OF PRIVACY

18. Plaintiffs incorporate the previous paragraphs as if fully set forth here.

19. Plaintiffs, like all citizens, have an expectation of privacy with includes the right to be free from harassing and annoying telephone calls.

20. Defendants' conduct of placing extreme amounts of telephone calls and sending repeated letters to the Plaintiffs' home invaded, damaged, and harmed the Plaintiffs' right of privacy.

21. As a direct result of the conduct of the Defendants, the Plaintiffs have suffered emotional distress.

22. As a direct result of the Defendants' action and conduct, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, threatened, and were otherwise caused indignation and distress.

## DEMAND FOR RELIEF

Plaintiffs demand the Defendants pay the following:

A. Actual damages for annoyance, inconvenience, distress, bother, anxiety, and the Defendants' repeated violations of the WVCCPA for all such violations up to the time this complaint was filed.

B. Statutory damages in the maximum allowed by West Virginia Code Sec. 46A-5-101(1) as adjusted for inflation pursuant to West Virginia Code Sec. 46A-5-106 for all such violations up to the time this complaint was filed.

C. Pursuant to West Virginia Code Sec. 46A-5-104, Plaintiffs' cost of litigation including, but not limited to, attorney fees and court costs.

D. General damages for the Defendants' negligence alleged in Count II and Count III of this complaint.

E. Punitive damages for the Defendants' conduct alleged in Count II and Count III of this complaint.

F. Any other relief the Court shall deem proper under the circumstances.

THOMAS WAUGH and
KIMBERLY WAUGH
By Counsel

Matthew P. Stapleton (WVSB #12334)
Scott G. Stapleton (WVSB #3568)
**STAPLETON LAW OFFICES**
400 5th Avenue
Huntington, WV 25701
(304) 529-1130

**CERTIFIED MAIL**



U.S. POSTAGE >> PITNEY BOWES

ZIP 25305 $ 005.99⁰
02 4W
0000336763 OCT 17 2017