IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

THOMAS WAUGH and
KIMBERLY WAUGH,

                Plaintiffs,

v.                                  CIVIL ACTION NO.   3:17-4378

ELAN FINANCIAL SERVICE and/or
CARDMEMBER SERVICES,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiffs filed the present Complaint in the Circuit Court of Cabell County, West Virginia on April 13, 2017. ECF No. 1-1. After it was served on October 30, 2017, Defendant removed this action to this Court on November 17, 2017. ECF No. 1. Now pending before the Court is Defendant's Motion to Dismiss. ECF No. 7. For reasons specified herein, Defendant's Motion is **DENIED**.

**I.    Background**

This case arises out of an alleged debt owed by Plaintiffs to Defendant. ECF No. 1-1. Plaintiffs allege that, after they fell into arrears upon that alleged debt, Defendant attempted to collect on the debt by placing telephone calls and sending letters to Plaintiffs. *Id*. Plaintiffs allege that, in addition to the written communications, Defendant often called Plaintiffs multiple times per day. *Id*.

Plaintiffs allege that, "[a]s a result of the high volume of collection activities by Defendant[]," they retained legal counsel on or around March 25, 2013. *Id*. Plaintiffs further allege

that they notified Defendant on or around April 16, 2013 that they had retained legal counsel and provided Defendant with the name and contact information for their attorney. *Id*. Despite this notification, however, Plaintiffs allege that Defendant continued to call them directly to collect on the debt. *Id*. Plaintiffs allege that, as a result of Defendant's continued contact, they suffered annoyance, worry and aggravation. *Id*.

As a result of this alleged conduct, Plaintiffs' Complaint identifies three legal claims for relief: (1) violations of the West Virginia Consumer Credit and Protection Act ("WVCCPA"), (2) intentional infliction of emotional distress ("IIED"), and (3) common law invasion of privacy. ECF No. 1-1. Defendant now asks the Court to dismiss all three claims in their entirety, arguing that Plaintiffs have failed to satisfy the federal pleading standards as to their WVCCPA claims and that the statutes of limitations have expired as to their IIED and invasion of privacy claims. ECF No. 8. Defendant further argues that defective service should render Plaintiffs' claims dismissed. *Id*.

## II.     Legal Standard

To survive a motion to dismiss, a plaintiff's complaint must contain "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The facts contained in the statement need not be probable, but the statement must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In considering the plausibility of a plaintiff's claim, the Court must accept all factual allegations in the complaint as true. *Id*.

### III. Discussion

For reasons specified herein, the Court finds that all three of Plaintiffs' claims are sufficiently plead such that they should not be dismissed at this time.

#### a. WVCCPA Claims

Plaintiffs first claim that Defendant violated the WVCCPA, Sections 128(e), 125, and 125(d). The Court will address each alleged violation in turn.

##### i. Section 128(e)

Plaintiffs claim that Defendant violated West Virginia Code Section 46A-2-128(e) "by communicating with the Plaintiffs after the Defendant[ ] knew the Plaintiffs were represented by an attorney . . ." ECF No. 1-1, at 6. Defendant argues that this claim should be dismissed because, pursuant to the statute as it is currently written, Plaintiffs were required to provide Defendant with written notice that they were represented by counsel. ECF No. 8, at 5. In their Complaint, Defendant argues, Plaintiffs only allege that they provided Defendant with verbal notice. ECF No. 8, at 5. Defendant asserts that because Plaintiffs do not allege that they provided Defendant with written notice of legal representation, their claims must fail. *Id*.

Plaintiffs allege that they provided Defendant with notice of representation on April 16, 2013. At that time, Section 128(e) provided:

> No debt collector shall use unfair or unconscionable means to collect or attempt to collect any claim. Without limiting the general application of the foregoing, the following conduct is deemed to violate this section: Any communication with a consumer whenever it appears that the consumer is represented by an attorney and the attorney's name and address are known, or could be easily ascertained, unless the attorney fails to answer correspondence, return phone calls or discuss the obligation in question or unless the attorney consents to direct communication.

W.Va. Code Ann. § 46A-2-128 (1990). Section 128(e) was amended in 2015, however, and pursuant to those amendments now provides:

> No debt collector may use unfair or unconscionable means to collect or attempt to collect any claim. Without limiting the general application of the foregoing, the following conduct is deemed to violate this section: Any communication with a consumer made more than three business days after the debt collector receives **written** notice from the consumer or his or her attorney that the consumer is represented by an attorney specifically with regard to the subject debt. To be effective under this subsection, such notice must clearly state the attorney's name, address and telephone number and be sent by certified mail, return receipt requested, to the debt collector's registered agent, identified by the debt collector at the office of the West Virginia Secretary of State or, if not registered with the West Virginia Secretary of State, then to the debt collector's principal place of business. Communication with a consumer is not prohibited under this subsection if the attorney fails to answer correspondence, return phone calls or discuss the obligation in question, or if the attorney consents to direct communication with the consumer. Regular account statements provided to the consumer and notices required to be provided to the consumer pursuant to applicable law shall not constitute prohibited communications under this section.

W.Va. Code Ann. § 46A-2-128 (2017) (emphasis added).

Defendant asks the Court to apply the present form of the statute, as amended in 2015, to the facts of this case. Defendant argues that, according to the 2015 amendments, Plaintiffs were required to notify Defendant of their legal representation in writing. Because Plaintiffs do not allege in their Complaint that they did so, Defendant asserts, their claim for violation of Section 128(e) should be dismissed.

"As a general rule, retroactivity is disfavored." *Biser v. Mfr. & Traders Trust Co.*, 211 F.Supp.3d 845, 852 (S.D.W.Va. 2016). "In West Virginia, a statute that diminishes substantive rights or augments substantive liabilities should not be applied retroactively to events completed before the effective date of the statute unless the statute provides explicitly for retroactive application." *Id.* (internal citation and quotation omitted). There is an exception to this general rule, however, for remedial statutes. Remedial statutes are those "which do not create new rights or take away vested ones." *Martinez v. Asplundh Tree Expert Co.*, 803 S.E.2d 582, 587 (W.Va. 2017) (internal citation and quotation omitted).

Defendant argues that the WVCCPA is a remedial statute and, accordingly, should be applied retrospectively. ECF No. 8. While it is true that the West Virginia Supreme Court "has recognized that that [WV]CCPA is a remedial statute intended to protect consumers from unfair, illegal and deceptive business practices," *Harper v. Jackson Hewitt, Inc.*, 706 S.E.2d 63, 72 (W.Va. 2010), the court has also held that "a statute that diminishes substantive rights or augments substantive liabilities should not be applied retroactively to events completed before the effective date of the statute . . .", *Martinez*, 803 S.E.2d at 587.

Even though the West Virginia Supreme Court has generally recognized the WVCCPA as a remedial statute, the 2015 amendments to Section 128(e) marked a "substantive departure from the prior version of the law" such that they cannot be applied retroactively. *Biser*, 211 F.Supp.3d at 853. To apply the 2015 amendments retroactively "would have the effect of removing the protection entirely for consumer calls placed prior to the amendment and yet not fully litigated, because consumers and attorneys relying on the language in effect at the time of the calls would not have taken the specific additional steps required by the amendment." *Id*.

Accordingly, the Court will apply the version of the statute that was in effect at the time at which Plaintiffs allege they notified Defendant of their representation. In 2013, Section 128(e) provided that no debt collector was permitted to communicate with a consumer "whenever it appear[ed] that the consumer [was] represented by an attorney . . ." W.Va. Code Ann. § 46A-2-128 (1990). In their Complaint, Plaintiffs allege that they informed Defendant that they had retained counsel and provided Defendant with their attorney's name and contact information in April 2013 and that Defendant nevertheless continued to communicate with them directly thereafter. ECF No. 1-1. Accordingly, the Court finds that Plaintiffs have sufficiently plead facts

such that their claim to relief under Section 128(e) is "plausible on its face." The claim therefore survives Defendant's motion to dismiss.

### ii. Section 125(d)

Defendant next argues that Plaintiffs' claims pursuant to alleged violations of Section 125(d) should be dismissed because Plaintiffs have failed to meet the "clear federal pleading standards." ECF No. 8, at 8. Specifically, Defendant takes issue with the fact that Section 125(d) prohibits a debt collector from calling more than 30 times per week or engaging a person in conversation more than 10 times per week, and Plaintiffs explicitly allege neither in their Complaint. *Id*.

In considering a motion to dismiss, the Court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), and "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor," *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). In their Complaint, Plaintiffs allege that Defendant contacted them "on a regular basis" and that, on multiple occasions, Defendant called up to six times per day. ECF No. 1-1. Drawing all reasonable inferences from the facts as they have been alleged, the Court finds that it is plausible that Defendant called Plaintiffs "more than thirty times per week" or "engage[d] [Plaintiffs] in telephone conversation more than ten times per week," in violation of Section 125(d). Accordingly, Plaintiffs have sufficiently plead their case such that there is more than "a sheer possibility that [Defendant] has acted unlawfully." *See Twombly*, 550 U.S. at 570.

### iii. Section 125

Defendant also argues that Plaintiffs' claims pursuant to the general provision of Section 125 should be dismissed for failure to "plead with any reasonable specificity the conduct engaged in by defendant" that constituted violation of this provision. ECF No. 8, at 9.

"Section 125 contains a general prohibition on unreasonably oppressive or abusive debt collection activity, and includes subsections listing specific conduct that constitutes a violation." *Biser*, 211 F.Supp.3d at 855. While Section 125 does not require a violation of one of its specific subsections for there to be a violation of its general provisions, a violation of one of Section 125's subsections inherently constitutes a violation of Section 125, generally.

As previously discussed, the Court finds that Plaintiffs have sufficiently plead facts such that their claims pursuant to Section 125(d) survive at this time. Accordingly, the Court finds that Plaintiffs have sufficiently plead their case as to their claims of violations of Section 125, generally. Defendant's motion to dismiss Plaintiff's claims pursuant to the general provisions of Section 125 is therefore denied.

### b. Claims for Intentional Infliction of Emotional Distress and Invasion of Privacy

Defendant next argues that Plaintiffs' claims for IIED and invasion of privacy should be dismissed because these claims are time-barred by the applicable statutes of limitations. The statute of limitations is an affirmative defense. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). Generally, a motion to dismiss filed pursuant to Federal Rule of Procedure 12(b)(6) "cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred." *Id*. Considering such a defense in the context of a motion to dismiss is only permissible "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint . . ." *Id*. In such a rare circumstances, "all facts necessary to the affirmative

defense [must] clearly appear on the face of the complaint." *Id.* (internal citation and quotation omitted).

In West Virginia, the statute of limitations for claims of IIED is two years. W.Va. Code § 55-2-12(b); *Evans v. United Bank, Inc.*, 775 S.E.2d 500, 508 (W.Va. 2015). The statute of limitations for claims of common law invasion of privacy is one year. W.Va. Code § 55-2-12(c); *Slack v. Kanawha Cty. Hous. & Redev. Auth.*, 423 S.E.2d 547, 551 (W.Va. 1992). So, then, Plaintiffs were required to file their claim for IIED within two years of its accrual and their claim for invasion of privacy within one year of its accrual.

Accrual generally occurs "when [an] injury is inflicted." *Slack*, 423 S.E.2d at 552. There are, however, several exceptions to this rule. For example, the continuing tort doctrine mandates that, "[w]here a tort involves a continuing or repeated injury, the cause of action accrues at and the statute of limitations begins to run from the date of the last injury or when the tortious overt acts or omissions cease." *Roberts v. West Virginia Am. Water Co.*, 655 S.E.2d 119, 124 (W.Va. 2007).

In *Goodman v. Praxair, Inc.*, the Fourth Circuit considered the case of a breach of contract claim governed by Maryland law. 494 F.3d at 458. In that case, the court found that the complaint failed to allege a date on which the contract was breached or a date on which the breach was discovered, therefore making it impossible for the court to determine from the face of the complaint a date of claim accrual. *Id.* at 466. Finding that there were "no allegations sufficient to determine [the date of accrual]" in the complaint, the court went on to find that "the face of the complaint [did] not allege facts sufficiently clear to conclude that the statute of limitations had run . . ." *Id.* Accordingly, the Fourth Circuit found that the district court had improperly found that the statute of limitations had expired. *Id.*

In this case, Plaintiffs allege that they suffered significant emotional distress and an invasion of privacy as a result of Defendant's high volume of calls. ECF No. 1-1. In their Complaint, however, Plaintiffs do not identify a date on which the alleged calls began, nor do they include a date on which the calls ceased. *Id*. The only dates in the Complaint, in fact, are March 25, 2013 – the date on which Plaintiffs retained counsel – and April 16, 2013 – the date on which Plaintiffs allegedly informed Defendant they had retained counsel. *Id*. The face of the Complaint, then, demonstrates that the alleged calls began some time before March 25, 2013 and continued until some time after April 16, 2013. The face of the Complaint reveals nothing more as to the timeframe of Plaintiffs' injuries.

Because the Court cannot determine from the face of Plaintiffs' Complaint when the alleged tortious conduct stopped, the Court therefore cannot determine from the face of the Complaint the date of accrual of Plaintiffs' causes of action.[1] Where it is not clear from the face of the Complaint whether the statute of limitations has run, dismissal is inappropriate.[2] *Goodman*, 494 F.3d at 466. Accordingly, Defendant's Motion to Dismiss as to Plaintiffs' claims for IIED and invasion of privacy is **DENIED**.

---

[1] Indeed, Defendant writes in its Memorandum in support of its Motion to Dismiss: "the alleged injuries suffered by the Plaintiffs **almost** certainly fall outside the statute of limitations . . ." ECF No. 8, at 10 (emphasis added). Unfortunately for Defendant, the standard required to dismiss Plaintiffs' case is more demanding than that required by horseshoes and hand grenades.

[2] Defendant argues that the Court should dismiss the claims because "Plaintiffs did not plead facts sufficient to 'allow this court to draw the reasonable inference' that the Plaintiffs' [sic] claims accrued within [the applicable statutes of limitations]." ECF No. 8, at 10 (quoting *Twombley*, 550 U.S. 570). This argument, however, places on Plaintiffs a burden to plead that their claims indeed arose within the applicable statutes of limitations. It is well-established law that Plaintiffs will not be required to "plead affirmatively in [a] complaint matters that might be responsive to affirmative defenses even before the affirmative defenses are raised." *Goodman*, 494 F.3d at 466. The burden to prove an affirmative defense based on the statutes of limitations lies exclusively with Defendant. *See id*.

### c. Defects in Service of Summons and Complaint

Finally, Defendant argues that Plaintiffs' case should be dismissed because Plaintiffs failed to comply with the deadline requirements for service pursuant to West Virginia Rule of Civil Procedure 4(k). The relevant law prescribes that service of the summons and complaint must be made upon a defendant within 120 days after a plaintiff files his complaint. W.Va. R. Civ. P. 4(k). If a plaintiff fails to comply with this deadline, the court is directed to dismiss the action without prejudice or to direct that service be effected within a specified time. *Id*. The rule further provides that, if a plaintiff shows good cause for a failure to meet the relevant deadline, the court shall extend the time for service for an appropriate period. *Id*.

Defendant argues that Plaintiffs filed their Complaint on April 13, 2017, but that Defendant was not served until October 16, 2017, two months after the 120-day deadline had passed. ECF No. 8, at 12. Defendant further asserts that Plaintiffs did not seek leave of court to extend the deadline for service nor have they demonstrated good cause for the delay and that, as such, their case should be dismissed. *Id*.

Pursuant to West Virginia law, if a plaintiff fails to meet the service requirements as set forth in Rule 4(k), the Court should consider three possible options for moving forward: (1) dismiss the complaint without prejudice, (2) extend the time for service if the plaintiff shows good cause for the failure, or (3) extend the time for service in the absence of good cause after consideration of certain factors. *Burkes v. Fas-Chek Food Mart Inc.*, 617 S.E.2d 838, 844 (W.Va. 2005).

Plaintiffs argue that the Court should excuse their delay in serving Defendant because there was good cause for the delay. ECF No. 16, at 8. To determine whether good cause existed for Plaintiffs' delay in service under Rule 4(k), the Court is instructed to consider the following factors: "(1) the length of time used to obtain service; (2) the activities of the plaintiff; (3) the

plaintiff's knowledge of the defendant's location; (4) the ease with which the defendant's location could have been ascertained; (5) the actual knowledge by the defendant of the pendency of the action; and (6) special circumstances which would affect the plaintiff's efforts." *State ex rel. Charleston Area Med. Ctr., Inc. v. Kaufman*, 475 S.E.2d 374, 380 (W.Va. 1996) (overruled on other grounds by *Burkes*, 617 S.E.2d at 845). While it is true that "mere inadvertence, neglect, misunderstanding, or ignorance of the rule or its burden do not constitute good cause," *Kaufman*, 475 S.E.2d at 289, where a party makes a "reasonably diligent effort to serve process" the Court should excuse failure to comply with Rule 4(k), *Estate of Hough ex rel. Lemaster v. Estate of Hough ex rel. Berkeley Cty. Sheriff*, 519 S.E.2d 640, 646 (W.Va. 1999).

Plaintiffs argue that their two-month delay in effecting service on Defendant was caused by the difficulty they had in determining Defendant's location and contact information. ECF No. 16, at 8. They assert that Defendant is a member of a "group of affiliated large complex financial institutes" and that Defendant's information is not "listed with the West Virginia Secretary of State where most business entities' service of process information is found." *Id*. Plaintiffs claim that they "diligently served the Defendant once an appropriate service address was found." *Id*. Defendant retorts that its service information could have been found through a simple Google search and that, accordingly, there was no good cause for the delay. ECF No. 17, at 6.

Here, Plaintiffs took approximately six months to effect service on Defendant, two months longer than the provided 120-day period. ECF No. 17, at 5. This length of time is relatively brief. *See, e.g., Estate of Hough*, 519 S.E.2d at 646 (excusing a delay of ten months). Further, Plaintiffs claim that during their six month delay they were diligently searching for Defendant's service information, that they did not know Defendant's service information, and that service was effected as soon as Defendant's service information was discovered. ECF No. 16, at 8–9. While Defendant

argues that its information is easily obtainable through a simple Google search, the searches to which Defendant cites reveal only that Defendant is a subsidiary of U.S. Bank National Association. ECF No. 17, at 6. The searches do not reveal an appropriate service address at which Plaintiffs could have effected service. *Id*.

Considering these factors as a whole, the Court finds that good cause existed for Plaintiffs' delay in effecting service. There is no evidence that Plaintiffs' had Defendant's information and chose not to act on it until after the deadline had passed, *see State ex rel. Bolden v. Pancake*, 538 S.E.2d 710, 713 (W.Va. 2000), nor did Plaintiffs fail to serve Defendant altogether, *see Leach v. BB&T Corp.*, 232 F.R.D. 545, 549 (N.D.W.Va. 2005). Accordingly, the delay is hereby excused and Defendant's Motion to Dismiss on these grounds is denied.

## IV. Conclusion

For reasons stated herein, Defendant's Motion to Dismiss, ECF No. 7, is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: June 13, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE